UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSEPH DANIEL CONTRERAS,                           No. 05-10013

                          Debtor(s).
_____/

BRYANT L. MORRIS,

                          Plaintiff(s),

        v.                                          A.P. No. 05-1033

JOSEPH DANIEL CONTRERAS,

                          Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

        Debtor Joseph Contreras is the husband of Mary Elizabeth Contreras, who was convicted of

embezzling over $1 million from plaintiff Bryant Morris.  Although it is without question that the debt is

nondischargeable as to the Contreras' marital community pursuant to  § 524(a)(3) of the  Bankruptcy

Code, Morris also seeks a determination that the debt is nondischargeable as to Joseph personally.

Morris does not allege a wrongful act by Joseph, but argues that Mary's wrongdoing must be imputed to

him.

1

1    The marital relationship is not sufficient to impute one spouse's wrongdoing to the other, even if

2  the innocent spouse participated in the other's business, may have had reason to suspect the wrongful

3  conduct, and may have enjoyed the benefits of that conduct.  A debt is dischargeable unless the filing

4  spouse knowingly participated in the wrongful conduct or was the business partner of the spouse and

5  liability is imputed under agency law.  *In re Tsurukawa*, 258 B.R. 192, 196 (9th Cir.BAP 2001).

6    Since there is no evidence of knowing participation before the court, the debt is dischargeable

7  unless the spouses were business partners and agency principles apply to impute the fraud to the innocent

8  spouse.  *Id.*, at 198.  A business partnership may be established by relevant evidence, regardless of how

9  the husband and wife categorized their relationship.  *In re Tsurukawa*, 287 B.R. 515, 520-21 (9th Cir.

10  BAP 2002).

11    The evidence before the court establishes that Joseph and Mary were partners in a business

12  known as Diamond J & M Ranch.  However, there is an element missing from Morris' case.  His motion

13  alleges only that Mary worked for him for 17 years and that the stolen funds were used to *fund* the ranch.

14  There is no evidence that the embezzlements were made in *the course of the ranch's business*.  To the

15  extent that the embezzlements were made in the course of business of the ranch, they are

16  nondischargeable as to both spouses under principles of agency law.  See *Tsurukawa II*, at 521; Cal.

17  Corp. Code  § 15013.   However, if the embezzlements were made outside the ranch's business, then

18  judgment against Joseph is not proper.  The fact that both husband and wife were partners in a business

19  does not make them vicariously liable for the non-business debts of the other.   Under *Tsurukowa I*, the

20  mere fact that the proceeds of embezzlement were used to fund the ranch does not make the debt

21  nondischargeable as to the innocent spouse.

22    The court feels compelled to point out that Joseph is hardly getting away scott free from the

23  consequences of his wife's actions, even if her thefts are not imputed to him.  As the court has noted

24  above, all community property (not just Mary's half) including the ranch is liable for Morris' claim

25

26

2

regardless of Joseph's lack of wrongdoing.[1]  Failing any evidence that Mary's embezzlement was in the course of the ranch's business, there is no basis in the law for the court to compound Joseph's troubles by declaring him personally and forever liable for his wife's crimes.

For the foregoing reasons, Morris' motion for summary judgment will be denied.  Counsel for Joseph shall submit an appropriate form of order.

Dated:  October 31, 2005

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[1]If that is all Morris seeks, he may have summary judgment declaring all of the community assets liable for his claim, now and in the future.  As the court understands the motion, however, it seeks Joseph's personal liability and therefore cannot be granted.

3